IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| FAUSTO GARCIA, | :: | MOTION TO VACATE |
| Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:08-CR-0062-RLV-WEJ-2 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:11-CV-0180-RLV-WEJ |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Fausto Garcia's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [66], and the government's Response in Opposition [69]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion be **DENIED**, and that the Court deny a certificate of appealability.

**I. PROCEDURAL HISTORY**

A federal grand jury returned a two-count Indictment against Mr. Garcia and co-defendant Cesilio Santana, charging them in Count One with conspiracy to possess with the intent to distribute at least 50 grams of methamphetamine and 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), and 846; and in Count Two with possessing with the intent to distribute at least 50 grams of

methamphetamine and 500 grams of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), and 18 U.S.C. § 2. (Indict. [8].) Mr. Garcia, represented by Michael Wallace, entered a non-negotiated guilty plea to Count One. (Mar. 5, 2009 Plea Tr. [54] 3-4.) As to Count Two, Mr. Garcia stated that he was instructed to deliver a bag, but was not told what the bag contained. (Id. at 5.) The Court recessed the plea proceedings to give Mr. Garcia more time to discuss the matter with his attorney. (Id.)

When the parties reconvened to continue the plea proceedings, Mr. Garcia entered a non-negotiated guilty plea to Count Two. (Mar. 12, 2009 Plea Tr. [55] 2-3.) Mr. Garcia understood that, as to each count, he faced a possible maximum sentence of life imprisonment and a mandatory minimum sentence of ten years of imprisonment. (Id. at 3-4.) The Court explained to Mr. Garcia the rights he was giving up in pleading guilty, and Mr. Garcia stated that he understood. (Id. at 4-6.) Mr. Garcia then confirmed that no one had promised him a particular sentence or threatened him to plead guilty. (Id. at 6.) The prosecutor then summarized what the evidence would show if the case went to trial, and Mr. Garcia's counsel agreed with those facts. (Id. at 7-8.) The Court accepted Mr. Garcia's plea. (Id. at 8.)

According to the Presentence Investigation Report ("PSI"), Eluid Perez informed law enforcement in October 2008 that Mr. Santana had contacted Mr. Perez's family regarding drug debts that Mr. Perez owed to Mr. Santana. (PSI ¶ 8.) During a November 12, 2008 monitored telephone call between Mr. Perez and Mr. Santana, they agreed that Mr. Perez would have a friend obtain additional quantities of narcotics from Mr. Santana to satisfy Mr. Perez's drug debt. (Id. ¶ 9.) On the following day, an undercover agent met with Mr. Santana to discuss the drug sale. (Id. ¶ 10.) Three days later, Mr. Santana contacted the agent and advised that he had two kilograms of cocaine and four pounds of ice methamphetamine for $116,000 and was ready to conduct the transaction. (Id.) On November 17, 2008, the agent met Mr. Santana, who was followed by another car driven by Mr. Garcia. (Id. ¶ 11.) When the agent asked to see the drugs, Mr. Garcia displayed a package of cocaine wrapped in duct tape and four plastic containers of methamphetamine. (Id.) The agent arrested Mr. Santana and Mr. Garcia and seized the narcotics. (Id.) Laboratory analysis of the seized narcotics revealed 2,155.5 grams of cocaine and 1,852.7 grams of methamphetamine. (Id.) Mr. Garcia's only objection to the sentencing guidelines calculations was the probation officer's failure to recommend a mitigating role reduction. (Id. ¶ 18.)

AO 72A
(Rev.8/82)

At the sentencing hearing, Mr. Wallace argued that Mr. Garcia should receive a four-level minimal role reduction because he was merely a courier, this was the first time he had engaged in drug trafficking activity, and he did not know the amounts or exact composition of the drugs involved in the transaction. (Sentencing Hr'g Tr. [56] 2-6, 9.) The Court denied Mr. Garcia a mitigating role reduction, finding that he and Mr. Santana were equally involved in the offense. (Id. at 9-10.) The Court then determined that Mr. Garcia's guideline range was 87 to 108 months of imprisonment and sentenced him to a total of 92 months of imprisonment. (Id. at 11; J. [35].)

On direct appeal, Mr. Garcia, now represented by Benjamin Bradley Reed, argued only that the Court erred in denying him a mitigating role reduction. United States v. Garcia, No. 09-12878, 2010 WL 3842727 (11th Cir. Feb. 2, 2010) (Appellant's Br.). On July 7, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed Mr. Garcia's judgment of conviction. United States v. Garcia, 385 F. App'x 958, 959 (11th Cir. 2010) (per curiam). Mr. Garcia did not pursue further direct review.

On July 5, 2011, Mr. Garcia timely filed the instant Motion to Vacate, arguing that Mr. Wallace was ineffective for (1) fraudulently inducing him to enter a non-negotiated guilty plea to both counts "despite his protestation of innocence," (2) not

4

objecting to the offense conduct outlined in the PSI on the ground that "[Mr. Garcia] didn't know precisely whether the container had drugs in the car," and (3) not objecting to a statement in the PSI suggesting that Mr. Garcia supplied the methamphetamine to Mr. Santana, and that (4) Mr. Reed was ineffective for not raising these ineffective assistance of trial counsel claims on direct appeal.[1] (Mem. [66-1] 2, 7-8.) The government responds that Mr. Garcia received effective assistance of counsel at all stages of the proceedings. (Resp. 6-11.)

## II.   DISCUSSION

### A.   Legal Standards

A federal prisoner may file a motion to vacate his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a

---

[1] To the extent that Mr. Garcia also asserts that Mr. Wallace was ineffective for failing to move to dismiss the Indictment and not conducting an adequate investigation, he fails to provide any factual details to support these claims. (Mem. 8). It is well settled that mere conclusory statements unsupported by specifics do not raise a constitutional issue in a habeas case. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (per curiam) (citations omitted).

5

significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (Strickland applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged; however, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range

6

of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (internal quotations and citation omitted); Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.")

In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Eagle, 279

7

AO 72A
(Rev.8/82)

F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

### B. Analysis of Mr. Garcia's Claims

First, Mr. Garcia's contention that Mr. Wallace "fraudulently induced" him to enter a guilty plea, despite his protestations of innocence, is belied by the record. The Supreme Court has stated that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the plea hearing transcripts reveal that Mr. Garcia voluntarily pleaded guilty with a full understanding of the charges and the consequences. Mr. Garcia admitted his guilt and confirmed that no one had promised him anything or threatened him to plead guilty. (Mar. 5, 2009 Plea Tr. 3-4; Mar. 12, 2009 Plea Tr. 2-3, 6-8.) Notably, Mr. Garcia was afforded a week to consider whether he wanted to plead to Count Two (see Mar. 5, 2009 Plea Tr. 5), which further undermines his claim that Mr. Wallace fraudulently induced him to plead guilty.

8

Second, Mr. Garcia pleaded guilty to both counts of the Indictment and acknowledged that the offense conduct outlined at the plea hearing was accurate. (Mar. 5, 2009 Plea Tr. 3-4; Mar. 12, 2009 Plea Tr. 2-3, 7-8.) Mr. Garcia received downward adjustments for both acceptance of responsibility and safety valve. (See PSI ¶¶ 16, 21.) Mr. Wallace did argue, in support of the request for a minimal role reduction, that Mr. Garcia did not know the amounts or exact composition of the drugs involved in the transaction. (Sentencing Hr'g Tr. 4.) However, Mr. Wallace reasonably chose not to object further and risk the Court withholding the reductions that Mr. Garcia did receive, which could have resulted in a higher sentence.

Next, the sentence in the PSI to which Mr. Garcia now objects, "it appears Garcia supplied the methamphetamine to Santana," was contained in the probation officer's response to an objection, not the fact portion of the PSI. (PSI ¶ 18.) Neither the government nor the Court mentioned this opinion of the probation officer during the sentencing hearing. (Sentencing Hr'g Tr. 6-13.) Thus, the probation officer's opinion on this point did not affect the guidelines calculation or the Court's sentencing decision, and Mr. Wallace reasonably chose not to bring it to the Court's attention.

Finally, as to Mr. Reed's failure to argue on direct appeal that Mr. Wallace provided Mr. Garcia ineffective assistance, the Eleventh Circuit will not consider an

AO 72A
(Rev.8/82)

ineffective assistance of counsel claim on direct appeal when, as here, "the district court did not entertain the claim nor develop a factual record." United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotations and citation omitted). Rather, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion." Id. In any event, Mr. Garcia cannot show prejudice because, as discussed above, Mr. Wallace provided Mr. Garcia effective assistance of counsel.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11. Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to

10

deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Mr. Garcia's claims for relief, the resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [66] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 13th day of September, 2011.

*(signature)*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

11

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| FAUSTO GARCIA, | :: | MOTION TO VACATE |
|    Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:08-CR-0062-RLV-WEJ-2 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:11-CV-0180-RLV-WEJ |

## ORDER FOR SERVICE OF
## FINAL REPORT AND RECOMMENDATION

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review

by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 13th day of September, 2011.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)